UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                   |   |                                |
|-------------------|---|--------------------------------|
| JOSEPH B. SHEA,   | * |                                |
|                   | * |                                |
| Plaintiff,        | * |                                |
|                   | * | Civil Action No. 17-cv-12233-ADB |
| v.                | * |                                |
|                   | * |                                |
| PETER MILLETT,    | * |                                |
|                   | * |                                |
| Defendant.        | * |                                |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO COMPEL

BURROUGHS, D.J.

Currently pending before the Court is Defendant Peter Millett's ("Defendant") motion to compel responses to certain discovery requests he propounded on Plaintiff Joseph B. Shea ("Plaintiff"). For the reasons explained herein, Defendant's motion to compel [ECF No. 35] is GRANTED in part and DENIED in part.

Pursuant to Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "District courts exercise broad discretion to manage discovery matters," Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly," Cutter v. HealthMarkets, Inc., No. 10-cv-11488-JLT, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). When exercising this discretion, courts assess disputed discovery requests in light of the proportionality considerations articulated in Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(1).

Defendant seeks to compel a response from Plaintiff to three interrogatories and two requests for production:

Interrogatory No. 8. The Court denies Defendant's motion to compel a supplemental response to Interrogatory No. 8. Interrogatory No. 8 asks Plaintiff to "[i]dentify all payments [he] received from Dr. Millet in connection with the Contract . . . ." [ECF No. 37-3 at 6]. Plaintiff's current response estimated annual payments and stated that he believed he was owed $900,000 plus interest.[1] [ECF No. 37-1 at 26–27]. Defendant seeks to compel information concerning "the amount and method of calculation of Plaintiff's contractual damages claim." [ECF No. 36 at 6]. Although information concerning Plaintiff's damages calculations is well within the appropriate bounds of discovery and may be sought by additional discovery requests propounded by Defendant, it is outside the scope of what is requested by Interrogatory No. 8.

Interrogatory No. 10. The Court grants Defendant's motion to compel a complete response to Interrogatory No. 10, which seeks information concerning Plaintiff's prior employers. The information sought by this request is relevant to the claims or defenses in this action and must be provided. See Fed. R. Civ. P. 26(b)(1). Within 30 days, or by agreement of the parties, Plaintiff shall supplement his response to Interrogatory No. 10 to provide information about all of his prior employers, including those omitted from his original responses but

---

[1] Defendant previously has disputed the content of Plaintiff's response to Interrogatory No. 8, but he does not reprise this argument in his motion to compel. Compare [ECF No. 37-4 at 4 (stating in a discovery dispute letter that Plaintiff's response to Interrogatory No. 8 to the effect that he does not have bank records for the entire relevant time period "is not a responsive answer" and requesting that Plaintiff obtain the appropriate records from his bank in order to provide a complete response)], with [ECF No. 36 at 5–6 (seeking to compel "the amount and method of calculation of Plaintiff's contractual damages claim")] and [ECF No. 43 at 3 (describing the disagreement over Interrogatory No. 8 as a "narrow dispute . . . over Plaintiff's failure to provide the figures that he used to calculate the contractual damages he is seeking")].

discussed in his deposition, see [ECF No. 43 at 4], and shall identify the reason for his termination or departure from each of his prior employers.

Interrogatory No. 13. The Court grants in part and denies in part Defendant's motion to compel a response to Interrogatory No. 13, which requests information about Plaintiff's alleged damages. Plaintiff's deposition testimony suggests that his response to Interrogatory No. 13 was incomplete. See, e.g., [ECF No. 45 at 217:5–22, 220:2–221:18]. Within 30 days, or by agreement of the parties, Plaintiff shall supplement his response to Interrogatory No. 13 to "[i]dentify in detail all damages that [he] allegedly suffered by the conduct of Dr. Millet." See [ECF No. 37-3 at 7]. The Court denies Defendant's motion to compel to the extent it seeks a response to Interrogatory No. 13 that includes the method of Plaintiff's calculation of damages, which is outside the scope of the request. The Court reiterates, however, that this information falls within the appropriate bounds of discovery. See Fed. R. Civ. P. 26(b)(1). To the extent permitted by the Federal Rules, Defendant may propound additional discovery requests concerning Plaintiff's damages calculations.

Request for Production No. 31. To the extent Defendant's motion to compel seeks Plaintiff's tax returns, the Court denies the motion as moot because Plaintiff has produced his tax returns. See [ECF No. 43 at 2]. The Court grants Defendant's motion to compel a supplemental response to Request for Production No. 31 to the extent it requests the production of Plaintiff's financial statements, which are within the bounds of discoverable information. See Fed. R. Civ. P. 26(b)(1). Plaintiff shall produce within 30 days, or by agreement of the parties, "[a]ll financial statements . . . reflecting [his] income and sources of income during the Relevant Time Period." [ECF No. 37-2 at 11].

Request for Production No. 32.  The Court grants Defendant's motion to compel a supplemental response to Request for Production No. 32, which asks Plaintiff to produce "[a]ll testimony and other representations under oath by You of Your financial condition, income, sources of income, employment status or other business activity in any court proceeding . . . ." See [ECF No. 37-2 at 11].  Although Plaintiff represented in his briefing that he has no documents in his possession responsive to Document Request No. 32, see [ECF No. 40 at 5], his deposition testimony makes clear that there are potentially responsive documents in his possession, custody, or control, see, e.g., [ECF No. 45 at 7:23–10:4, 16:25–17:20, 22:9–23:24].  Plaintiff shall produce within 30 days, or by agreement of the parties, any documents in his possession, custody, or control that are responsive to Document Request No. 32.

Finally, the Court denies Defendant's request for costs and fees pursuant to its discretion under Federal Rule of Civil Procedure 37 to apportion reasonable expenses for a motion to compel that is granted in part and denied in part.  See Fed. R. Civ. P. 37(a)(5)(C); [ECF No. 35 at 1].

**SO ORDERED.**

September 4, 2019                                         /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE