UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH B. SHEA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 17-cv-12233-ADB |
| v. | * | |
| | * | |
| PETER MILLETT, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

BURROUGHS, D.J.

Currently pending before the Court is Plaintiff Joseph B. Shea's ("Plaintiff") motion for reconsideration of the Court's October 3, 2019 discovery order (the "Order"). [ECF No. 58]. The Order granted in part and denied in part Defendant Peter Millett's ("Defendant") motion to strike certain topics and document requests from a 30(b)(6) subpoena served on Arthrex, Inc. ("Arthrex"), which paid the royalties that are in dispute in this action. [ECF No. 52].

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); see Fed. R. Civ. P. 54(b); see also Miranda v. Deloitte LLP, 962 F. Supp. 379, 382 (D.P.R. 2013) (observing that discovery orders are interlocutory orders). The Supreme Court, however, has cautioned that "courts should be loathe to [reconsider orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). "[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3)

a clear error of law in the first order." Davis, 89 F. Supp. 2d at 147; see also Tomon v. Entergy Nuclear Operations, Inc., No. 05-cv-12539-MLW, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011) (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

Here, Plaintiff satisfies none of the criteria that would make reconsideration an appropriate remedy. His memorandum in support of his motion for reconsideration focuses exclusively on why he believes that the stricken topics and document requests are relevant and probative to his claims—none of which the Court finds persuasive—and does not address any of the relevant grounds for reconsideration. See [ECF No. 59 at 9–12]. He does not identify an intervening change in the law, the discovery of new evidence not previously available, or a clear error of law in the Order. See [id.]. He also does not suggest that the Order was outside the bounds of this Court's discretion pursuant to Federal Rule of Civil Procedure 26 or was otherwise based on erroneous principles. Mere disagreement with the Court's decision is not a proper basis for reconsideration. See Ofori v. Ruby Tuesday, Inc., 205 F. App'x. 851, 852–53 (1st Cir. 2006).

Accordingly, Plaintiff has failed to demonstrate that this case presents a situation in which the "extraordinary" remedy of reconsideration should be invoked. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); see also United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993) (noting that situations in which reconsideration is permitted are "narrowly configured and seldom invoked"). Plaintiff's motion for reconsideration [ECF No. 58] is therefore DENIED.

**SO ORDERED.**

October 31, 2019  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE