UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH B. SHEA,<br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>v.<br><br>DR. PETER MILLETT,<br><br>    Defendant and Plaintiff-in-Counterclaim. | Case No. 1:17-cv-12233-ADB |

**JOINT MOTION FOR ENTRY OF STIPULATION FOR
DISMISSAL WITH PREJUDICE OF COUNTERCLAIM COUNTS II AND III**

Pursuant to Rules 41(a)(l)(A)(ii) and 41(c) of the Federal Rules of Civil Procedure, plaintiff/defendant-in-counterclaim Joseph B. Shea ("Shea") and defendant/plaintiff-in-counterclaim Dr. Peter Millett ("Dr. Millett") jointly move the Court to enter the Stipulation for Dismissal with Prejudice of Counterclaim Counts II and III ("Stipulation"), a copy of which is attached hereto as Exhibit A, as an Order of the Court. As grounds for this motion, the parties state as follows:

1. In his amended complaint, Shea brought four claims against Dr. Millett:

   Count 1: breach of contract

   Count II: violation of M.G.L. c. 93A

   Count III: promissory estoppel/detrimental reliance

   Count IV: declaratory judgment under M.G.L. c. 231A, § 1/injunctive relief

*See* Dkt. No. 15.

2. Dr. Millett brought five counterclaims against Shea:

   Counterclaim Count I: declaratory judgment under 28 U.S.C. § 2201 that no enforceable contract exists between the parties

       Counterclaim Count II:  unjust enrichment/restitution

       Counterclaim Count III:  promissory estoppel

       Counterclaim Count IV:  setoff/offset/recoupment

       Counterclaim Count V:  reformation

*See* Dkt. No. 16.

3. Shea moved for partial summary judgment as to Count I of the amended complaint (breach of contract). *See* Dkt. No. 80.

4. Dr. Millett moved for summary judgment as to Counts I through IV of the amended complaint. *See* Dkt. No. 85.

5. On November 10, 2020, this Court granted Dr. Millett's motion for summary judgment and denied Shea's motion for partial summary judgment. *See* Dkt. No. 109.

6. The Court then ordered the parties to file a status report proposing a schedule for the resolution of the remaining counterclaims. *See* Dkt. No. 110.

7. Shea subsequently filed an assented-to motion for entry of judgment under Fed. R. Civ. P. 54(b) (*see* Dkt. No. 112) and an assented-to motion for entry of a stipulation of judgment on Counterclaim Count I and dismissal without prejudice of Counterclaim Counts II (unjust enrichment/restitution) and III (promissory estoppel) (*see* Dkt. No. 113).

8. On December 21, 2020, the Court granted both motions, entered final judgment as requested, and dismissed without prejudice Counterclaim Counts II (unjust enrichment/restitution) and III (promissory estoppel). *See* Dkt. Nos. 114 and 115.

9. The Court also stayed Counterclaim Counts IV (setoff/offset/recoupment) and V (reformation) pending the outcome of Shea's appeal. *See* Dkt. No. 116.

10. On January 13, 2021, Shea filed a notice of appeal from this Court's December 21, 2020 entry of final judgment at Dkt. No. 115. *See* Dkt. No. 118.

11. On February 24, 2021, the First Circuit retained jurisdiction but remanded the case to this Court "for a statement of reasons in support of the entry of judgment pursuant to Fed. R. Civ. P. 54(b)." Dkt. No. 121.

12. On February 26, 2021, this Court entered final judgment in Dr. Millett's favor as to Shea's claims. *See* Dkt. No. 122. This Court also responded to the First Circuit's Order, explaining:

> First, the Court's Order granting Defendant's motion for summary judgment is a final ruling that resolved all of Plaintiff's claims against Defendant. See [ECF No. 106 (sealed Order); ECF No. 109 (public version of Order)]. Second, following that ruling on the summary judgment motion, all that remains of the case are Defendant's counterclaims. The resolution of the counterclaims is substantially dependent on the resolution of the claims and it will be difficult to resolve the counterclaims before Defendant knows the outcome of Plaintiff's appeal of the summary judgment Order. Third, given that the First Circuit's ruling on the Court's summary judgment Order will necessarily determine, in significant part, how to resolve the counterclaims, the equities and efficiencies warrant entering final judgment to allow that appeal to go forward. See Kumar v. Ovonic Battery Co., No. 01-cv-11247, 2002 U.S. Dist. LEXIS 27629, at *5 (D. Mass. Sep. 24, 2002) (noting that "resolution of the appeal of the Order will aid in the resolution of the Remaining Counterclaims, the ultimate outcome of which is contingent, in part, on the [previous Order]"). Accordingly, the Court sees "no just reason for delay[ing]" Plaintiff's appeal of this Court's summary judgment Order. See Fed. R. Civ. P. 54(b).

Dkt. No. 123.

13. On March 31, 2021, the First Circuit ordered the parties to show cause why the Rule 54(b) certification in this case is sufficient to confer appellate jurisdiction.

14. The parties agreed to resolve the First Circuit's March 31 Order to Show Cause by dismissing Counterclaim Counts IV (setoff/offset/recoupment) and V (reformation) without prejudice as set forth in an attached stipulation. *See* Dkt. No. 125.

15. This Court granted the parties' motion and dismissed without prejudice Counterclaim Counts IV (setoff/offset/recoupment) and V (reformation). *See* Dkt. No. 126.

16. On April 30, 2021, the First Circuit ordered the parties to show cause "why the stipulated dismissal of defendant's counterclaims without prejudice results in an appealable judgment."

17. The parties agreed to resolve the First Circuit's April 30 Order to Show Cause by dismissing with prejudice Counterclaim Counts II (unjust enrichment/restitution) and III (promissory estoppel) as set forth in the Stipulation at <u>Exhibit A</u>. In other words, Dr. Millett has agreed to dismiss with prejudice the two counterclaims that sound in equity. The two counterclaims that were dismissed without prejudice—Counterclaim Counts IV (setoff/offset/recoupment) and V (reformation)—are contract-based. Because this Court ruled that no enforceable contract existed between the parties, Counterclaim Counts IV and V cannot be tried.

WHEREFORE, the parties respectfully request that the Court enter the Stipulation attached hereto as <u>Exhibit A</u> and dismiss Counterclaim Counts II (unjust enrichment/restitution) and III (promissory estoppel) with prejudice.

Respectfully submitted,

| | |
|---|---|
| DR. PETER MILLETT, | JOSEPH B. SHEA, |
| By his attorneys, | By his attorney, |
| */s/ Joseph P. Davis* | */s/ David R. Suny* |
| Joseph P. Davis III (BBO# 551111) | David R. Suny (BBO #600326) |
| Mian R. Wang (BBO# 683656) | MCCORMACK SUNY LLC |
| Alison T. Holdway (BBO# 690569) | 100 Cambridge Street, 14th Floor |
| GREENBERG TRAURIG, LLP | Boston, MA 02114 |
| One International Place, Suite 2000 | Telephone: 857-220-9296 |
| Boston, Massachusetts 02110 | Facsimile: 857-308-4623 |
| Telephone: 617.310.6000 | Email: dsuny@mccormacksuny.com |
| Facsimile: 617.310.6001 | |
| Email: davisjo@gtlaw.com | |
| Email: wangm@gtlaw.com | |
| Email: holdwaya@gtlaw.com | |

Dated: May 13, 2021